**Sharon Kay RYAN, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C8-84-2023.**

Court of Appeals of Minnesota.

April 16, 1985.

James M. Campbell, Campbell & Costello, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey Bilcic, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an appeal by Sharon Ryan from an order which sustained the Commissioner's revocation of her driver's license. The appellant contends that, assuming a five percent margin of error in results obtained from the Intoxilyzer 5000, the Commissioner failed to establish that she had a blood alcohol concentration of .10. We affirm.

## FACTS

The appellant was arrested on September 8, 1984, for driving while under the influence of alcohol, and was transported to the Apple Valley Police Department for a breath test.

The administering officer followed the standard procedure for testing with the Intoxilyzer 5000. Each of four room air tests registered at 000—the proper reading for a room air blank. The simulator solution readings obtained from the machine

were within proper limits of the certified content of the solution.

Two breath samples were collected from the appellant. The second was taken four minutes after the first sample was collected. The Intoxilyzer analyzed each sample twice, the first sample yielding two readings of .108 and the second sample yielding readings of .101 and .104. Based upon these readings, the Intoxilyzer determined the appellant's final blood alcohol concentration to be .10.

Before calculating the final blood alcohol reading, the Intoxilyzer computed the correlation between the two breath samples. This correlation was determined to be 95 percent. Because the correlation was not 100 percent, the appellant claims that the Intoxilyzer in this instance had a standard error of plus or minus five percent; thus she argues her actual blood concentration could have been as low as .096.

The trial court, after taking testimony from the administering officer, sustained the revocation of the appellant's driver's license. The court found that the appellant had offered no evidence in support of her proposition that the Intoxilyzer had a five percent margin of error.

## ISSUE

Does the record support the trial court's finding that the appellant failed to sustain her challenge to the accuracy of the Intoxilyzer results?

## ANALYSIS

The evidence supports the trial court's finding that the appellant failed to sustain her challenge to the Intoxilyzer results. Cross examination of the administering officer did reveal that if a five percent error factor were applied to the test results in this instance, the appellant's actual blood alcohol content could have been below .10. The appellant, however, introduced no evidence to support her claim that a 95 percent correlation between the two breath samples evidences a five percent margin of error in the Intoxilyzer results themselves. We affirm.

## DECISION

The evidence does not support the appellant's claim that her Intoxilyzer results evidenced a five percent margin of error in the testing process.

Affirmed.